UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH ALTIZIO,                                       Docket No.: 07 CV 6663 (CLB)(GAY)

                       Plaintiff,

   -against-

MARRIOTT INTERNATIONAL, INC.,

                       Defendant.
------------------------------------------------------------------------X


# DEFENDANT MARRIOTT INTERNATIONAL, INC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE


                                          **Respectfully submitted,**

                                          **GARBARINI & SCHER, P.C.**
                                          **Attorneys for Defendant**
                                          **MARRIOTT INTERNATIONAL, INC.**
                                          **432 Park Avenue South**
                                          **New York, NY 10016-8013**
                                          **(212) 689-1113**


WILLIAM G. SCHER (WS 2891)
Of Counsel

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINT I**

    BECAUSE PLAINTIFF COULD HAVE COMMENCED
    THIS ACTION IN THE DISTRICT OF NEW HAMPSHIRE
    AND BECAUSE THE CONVENIENCE OF WITNESSES
    AND THE INTERESTS OF JUSTICE SO MANDATE,
    THIS ACTION SHOULD BE TRANSFERRED . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    **Plaintiff Could Have Commenced This Action in the
           District of New Hampshire** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    **The Convenience of Parties and Witnesses and the Interests
           of Justice Warrant the Transfer** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           1.    **The Standards Considered in Transferring an
                  Action to Another District** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                 a.    **The Convenience of the Parties** . . . . . . . . . . . . . . . . . . . . . . . . . 3

                 b.    **The Convenience of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . 3

                 c.    **Access to Proof** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                 d.    **Compulsory Attendance of Witnesses and the
                        Production of Documents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                 e.    **New Hampshire's Interest in This Action** . . . . . . . . . . . . . . . . 5

                 f.    **The Application of the Law of New Hampshire** . . . . . . . . . . . 6

                 g.    **Plaintiff's Choice of Forum** . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           2.    **The Balance of These Factors Clearly Favors
                  a Transfer of This Action to New Hampshire** . . . . . . . . . . . . . . . . . . . . 7

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Case 7:07-cv-06663-CLB     Document 5     Filed 07/27/2007     Page 3 of 13

## TABLE OF AUTHORITIES

**Page**

A. Olnick & Sons. v. Dempster Brothers, Inc.
365 F.2d 439 (2d Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Chicago, R.I. & P.R. Co. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied
350 U.S. 822, 76 S.Ct. 49 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Commercial Solvents Corp. v. Liberty Mutual Ins. Co.
371 F.Supp. 247 (S.D.N.Y. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Eastern Dist. Repetitive Stress Injury Lit
850 F.Supp. 188 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Erie R.R. Co. v. Tompkins, 304 U.S. 64,
58 S.Ct. 817 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.
865 F.2d 513 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Goodman v. Schmalz
80 F.R.D. 296 (E.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gulf Oil Corp. v. Gilbert, 330 U.S. 501,
67 S.Ct. 893 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Hamilton v. Accu-tek
47 F.Supp.2d 330 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Hernandez v. Graebel Van Lines
761 F.Supp. 983 (E.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5,6,

Kreisner v. Hilton Hotel Corp.
468 F.Supp. 176 (E.D.N.Y. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Leinberger v. Webster
66 F.R.D. 28 (E.D.N.Y. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Longo v. Wal-Mart Stores, Inc.
79 F.Supp.2d 169 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 6,

Norwood v. Kirkpatrick, 349 U.S. 29,
75 S.Ct. 544 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ryer v. Harrisburg Kohl Brothers, Inc.
307 F.Supp. 276 (S.D.N.Y. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7

St. Cyr v. Greyhound Lines, Inc.
486 F.Supp. 724 (E.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6,

**Rules**

Fed. R. Civ. P. 45(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

28 U.S.C. § 1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**PRELIMINARY STATEMENT**

Defendant MARRIOTT INTERNATIONAL, INC., respectfully submits this Memorandum of Law in support of its motion to transfer the venue of this action from this Court to the United States District Court for the District of New Hampshire.

**STATEMENT OF FACTS**

The facts underlying this action are spelled out in the Affidavit of William G. Scher, which MARRIOTT submits in support of the instant motion.

**POINT I**

**BECAUSE PLAINTIFFS COULD HAVE COMMENCED THIS ACTION IN THE DISTRICT OF NEW HAMPSHIRE, AND BECAUSE THE CONVENIENCE OF WITNESSES AND THE INTERESTS OF JUSTICE SO MANDATE, THIS ACTION SHOULD BE TRANSFERRED**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court's inquiry into the propriety of transferring this action to the District of New Hampshire, therefore, is two-fold: determining whether plaintiff could have commenced this action in a particular district, and if so, whether such a change of venue is for the convenience of parties and witnesses and in the interests of justice. Longo v. Wal-Mart Stores, Inc., 79 F.Supp.2d 169, 171 (E.D.N.Y. 1999).

A. Plaintiff Could Have Commenced This Action in the District of New Hampshire

Analysis of the first prong of the inquiry requires an examination of 28 U.S.C. § 1391(a), which governs venue in actions such as this, where federal jurisdiction arises solely from diversity

1

of citizenship. In such cases, unless otherwise provided by law, venue is proper either in the judicial district where the defendant resides [§ 1391(a)(1)] or where a substantial part of the events or omissions giving rise to the claim occurred [§ 1391(a)(2)].

Under either provision, it is patently obvious that plaintiff could have commenced this action in the District of New Hampshire. The subject MARRIOTT Hotel is located within the district and plaintiff's accident occurred thereat.

The first element of § 1404(a) is, therefore, satisfied.

B. <u>The Convenience of Parties and Witnesses and the Interests of Justice Warrant the Transfer</u>

   1. <u>The Standards Considered in Transferring an Action to Another District</u>

District judges are empowered with broad discretion in analyzing motions for a transfer of venue. <u>A. Olnick & Sons. v. Dempster Brothers, Inc.</u>, 365 F.2d 439 (2d Cir. 1966); <u>Hernandez v. Graebel Van Lines</u>, 761 F.Supp. 983 (E.D.N.Y. 1991) (citing, <u>Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.</u>, 865 F.2d 513 (2d Cir. 1989)).

A wide spectrum of factors are relevant: (1) the convenience of the parties and the witnesses; (2) the plaintiff's choice of forum; (3) practical considerations, such as easy access to proof and the appearance of witnesses; (4) the locality's interest in adjudicating a matter of interest to the community; (5) the trial court's familiarity with the applicable substantive law; and (6) the interests of justice in relation to the totality of the circumstances. <u>Hamilton v. Accu-tek</u>, 47 F.Supp.2d 330, 339 (E.D.N.Y. 1999).

Other criteria also influence the decision: the relative means of the parties, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of witnesses, and the possibility of viewing the site of an incident during a trial, if appropriate. <u>Ryer</u>

2

v. Harrisburg Kohl Brothers, Inc., 307 F.Supp. 276, 279 (S.D.N.Y. 1969). The court should also consider "calendar congestion" and whether the case is likely to move faster towards trial in one district over another. Longo, 79 F.Supp.2d at 171. Moreover, transfer of venue is favored if the defendant might intend to commence a third-party claim in the new forum against a party that is not within the reach of the transferring court's personal jurisdiction. St. Cyr v. Greyhound Lines, Inc., 486 F.Supp. 724, 727 (E.D.N.Y. 1980) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511, 67 S.Ct. 893 (1947)).

"Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens*, section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis." Hernandez, 761 F.Supp. at 987 (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 546 (1955)).

    a.  The Convenience of the Parties

Because plaintiff resides in the Southern District of New York, he undoubtedly prefers to proceed in this Court. The subject hotel is located in and has its operations in New Hampshire the site of the incident.

    b.  The Convenience of Witnesses

"The location of relevant witnesses and other evidence is a major factor to be considered in a transfer application" and is the single most important factor in the analysis. Hernandez, 761 F.Supp. at 988.

3

In the instant matter, the only witness in this district in New York is the plaintiff himself.

All the other witnesses, including MARRIOTT'S own employees, are in New Hampshire This factor clearly favors a trial in New Hampshire.

c. Access to Proof

All proof related to this incident is located in New Hampshire/

The hotel itself is situated in New Hampshire.  Inspection of the premises by the parties' attorneys, the experts, and even the jury in the course of a trial, would take place in New Hampshire as any non-party records concerning the operation and maintenance of the premises are located thereat.

d. Compulsory Attendance of Witnesses and the Production of Documents

The documents and non-party witnesses identified by MARRIOTT in this motion are all critical for its defense.  Furthermore, all are located in New Hampshire clearly more than 100 miles from the federal courthouse in White Plains.  This places them beyond the distance for this Court to compel their attendance by a subpoena.  See Fed.R.Civ.P. 45(b)(2).

Such is not the case, however, in the District of New Hampshire.  Subpoenae issued from that court could readily compel the production and attendance of local witnesses who investigated the subject incident.

Moreover, non-party Country Connection Landscaping, LLC, a local snow and ice removal company under contract to defendant MARRIOTT, which was solely responsible for snow and ice treatment of the parking lot where plaintiff allegedly fell, is not amenable to suit in the Southern District of New York due to a lack of jurisdiction over such party in New York. Further inasmuch

4

as such party is beyond the subpoena power of this Court, the parties will be unable to conduct any discovery from such entity, or have it involved in any aspect of trial of this action.

A court considering a motion for transfer of venue must give substantial consideration to whether the material witnesses are subject to the subpoena power of the forum court. Hernandez, 761 F.Supp. at 990; Leinberger v. Webster, 66 F.R.D. 28, 34 (E.D.N.Y. 1975). "[C]ourts generally transfer cases when important witnesses can not be compelled to testify in the forum, but could be subpoenaed in the transferee court." Commercial Solvents Corp. v. Liberty Mutual Ins. Co., 371 F.Supp. 247, 250 (S.D.N.Y. 1974). "Certainly[,] to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." Ryer, 307 F.Supp. at 280 (citing Gulf Oil, 330 U.S. at 511, 67 S.Ct. at 844). See also Longo, 79 F.Supp.2d at 172 (live testimony preferred over testimony by depositions).

Because none of MARRIOTT'S witnesses or the subject non-party snow removal company or any of the documents essential to its defense are located within 100 miles of this Court, this factor clearly weighs substantially in favor of a transfer of venue to the District of New Hampshire.

    e. New Hampshire's Interest in This Action

In assessing a motion to transfer, this Court must keep in mind that such "questions of liability and damages for conduct with local consequences are most appropriately put to local juries." Hamilton, 47 F.Supp.2d at 347. "When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report." Id. (quoting In re Eastern Dist. Repetitive Stress Injury Lit, 850 F.Supp. 188, 195 (E.D.N.Y. 1994)).

5

This action goes to issues of local importance in New Hampshire, i.e. whether MARRIOTT'S maintenance of its hotel was negligent. The issue is important to jurors in that State and has no connection with New York. It should be heard by a court in New Hampshire, which warrants transfer.

    f. <u>The Application of the Law of New Hampshire</u>

Because this action concerns allegations of MARRIOTT'S negligence in New Hampshire, any court determining the matter will apply the law of the site of the accident. <u>Longo</u>, 79 F.Supp.2d at 173 (citing, <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817 (1938)). It is preferred that a case bound by the laws of Hawaii be heard by a court in that State. <u>Id.</u> "While there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it." <u>Hernandez</u>, 761 F.Supp. at 991 (quoting <u>Kreisner v. Hilton Hotel Corp.</u>, 468 F.Supp. 176, 179 (E.D.N.Y. 1979)).

This criterion weighs in favor of transferring this action to the District of New Hampshire.

    g. <u>Plaintiff's Choice of Forum</u>

Although a plaintiff's choice of this district as his forum is normally entitled to great weight in assessing the interests of justice in transferring an action to another venue, such deference is seriously undermined if none of the events giving rise to the claims occurred in the forum selected by plaintiff. <u>St. Cyr</u>, 486 F.Supp. at 727 (citing <u>Chicago, R.I. & P.R. Co. v. Igoe</u>, 220 F.2d 299 (7th Cir.), <u>cert. denied</u> 350 U.S. 822, 76 S.Ct. 49 (1955); <u>Goodman v. Schmalz</u>, 80 F.R.D. 296 (E.D.N.Y. 1978)). "[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same great weight and in fact is given reduced significance." <u>Hernandez</u>, 761 F.Supp. at 990. <u>See</u>

6

also <u>Ryer</u>, 307 F.Supp. at 279.

All events giving rise to this action took place in New Hampshire. This is essentially a New Hampshire case, but is pending in this district due only to law permitting plaintiff to designate venue based on their residence. The Court, therefore, should attribute little weight to plaintiff's choice of forum.

2. <u>The Balance of These Factors Clearly Favors a Transfer of This Action to New Hampshire</u>

The only tenuous connection between this action and New York is that plaintiffs reside in this State.

The more significant factors influencing a motion for a transfer of venue, however, all clearly weigh in favor of trying this case in the District of New Hampshire. The incident took place in New Hampshire, and all proof surrounding the same is there. MARRIOTT'S hotel is located in New Hampshire. Two witnesses who spoke with plaintiff following his fall, one of whom inspected the subject accident site and interviewed the plaintiff are residents and citizens of New Hampshire. More importantly, the non-party snow and ice removal company, which is not amenable to the jurisdiction of this Court is located in New Hampshire. Moreover, wherever this case goes forward, the court will apply the law of New Hampshire. The issues underlying the claims of negligence are of no concern in New York, but go to the local interest in New Hampshire.

The district in which the accident occurred is the fitting forum for this action.

## CONCLUSION

For the foregoing reasons, defendant MARRIOTT INTERNATIONAL INC. respectfully requests that this Court transfer this action to the United States District Court for the District of New Hampshire.

Dated: New York, New York
      July 27, 2007

                                  Respectfully submitted,

                                  GARBARINI & SCHER, P.C.


                      By: _____
                              William G. Scher (WS 2891)
                              Attorney for Defendant
                              MARRIOTT INTERNATIONAL, INC.
                              Office & P.O. Address
                              432 Park Avenue South
                              New York, NY 10016-8013
                              (212) 689-1113